UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

KENNETH E. WASHINGTON,

Plaintiff,

-against-

ORANGE COUNTY; CRAIG BROWN; LYNN McKELVEY,

Defendants.

25-CV-9473 (LLS)

ORDER TO AMEND

LOUIS L. STANTON, United States District Judge:

Plaintiff, who currently is incarcerated in the Central New York Psychiatric Center, brings this action, *pro se*, under 42 U.S.C. § 1983, alleging that Defendants violated his federally protected rights. By separate order, the Court granted Plaintiff's request to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees.[1] As set forth below, the Court grants Plaintiff 60 days' leave to file an amended pleading.

**STANDARD OF REVIEW**

The Court must dismiss an IFP complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction of the claims raised. *See* Fed. R. Civ. P. 12(h)(3).

[1] Prisoners are not exempt from paying the full filing fee even when they have been granted permission to proceed IFP. *See* 28 U.S.C. § 1915(b)(1).

While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted). But the "special solicitude" in *pro se* cases, *id*. at 475 (citation omitted), has its limits—to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief and to include enough facts to state a claim for relief "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

A claim is facially plausible if the plaintiff pleads enough factual detail to allow the Court to draw the inference that the defendant is liable for the alleged misconduct. In reviewing the complaint, the Court must accept all well-pleaded factual allegations as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). But it does not have to accept as true "[t]hreadbare recitals of the elements of a cause of action," which are essentially just legal conclusions. *Twombly*, 550 U.S. at 555. After separating legal conclusions from well-pleaded factual allegations, the Court must determine whether those facts make it plausible – not merely possible – that the pleader is entitled to relief. *Id.*

**BACKGROUND**

The named Defendants in this complaint are Orange County, Orange County Court Judge Craig S. Brown, and Court Clerk Lynn McKelvey. The following facts are drawn from the complaint.[2] On or about January 15, 2022, while appearing before Judge Brown, Plaintiff filed a

[2] The Court quotes from the complaint verbatim. All spelling, grammar, and punctuation are as in the original unless noted otherwise.

"30.30 motion for a speedy trial." (ECF 1 at 4.) Judge Brown asked if the parties were ready to proceed to trial. Plaintiff said yes, the prosecutor said yes, but Plaintiff's public defender said no. (*Id.*) According to Plaintiff, Clerk McKelvey "acknowledged" Plaintiff's motion, but Judge Brown "rejected" it and sentenced him to 15 years in prison. (*Id.* at 4-5.) Plaintiff claims that his public defender did not adequately represent him during the criminal proceedings, and that Judge Brown violated his Sixth Amendment rights. (*Id.* at 4.) Plaintiff seeks $15 million in money damages. (*Id.* at 5.)

Publicly available court records show that Plaintiff pleaded guilty to first-degree course of sexual conduct with a child, and that the Appellate Division, Second Department, affirmed the conviction. *See People v Washington*, 214 A.D.3d 910, 2023 WL 2590815 (2d Dep't. Mar. 22, 2023) (deeming unpreserved claim that court failed to address *pro se* speedy trial motion and declining to review it in the interest of justice and determining that Plaintiff knowingly waived right to appeal), *lv. to appeal denied*, 40 N.Y.3d 931 (June 27, 2023).[3]

## DISCUSSION

### A. Damages claim under 42 U.S.C. § 1983

#### 1. Municipal liability

Plaintiff filed this complaint against Orange County. When a plaintiff sues a municipality under Section 1983, it is not enough for the plaintiff to allege that the municipality's employees or agents engaged in some wrongdoing. The plaintiff must show that the municipality itself caused the violation of the plaintiff's rights. *See Connick v. Thompson,* 563 U.S. 51, 60 (2011) ("A municipality or other local government may be liable under . . . section [1983] if the

[3] *See Anderson v. Rochester-Genesee Reg'l Transp. Auth.*, 337 F.3d 201, 205 n.4 (2d Cir. 2003) (noting that courts may consider matters that are subject to judicial notice, including court records).

governmental body itself 'subjects' a person to a deprivation of rights or 'causes' a person 'to be subjected' to such deprivation.") (quoting *Monell v. Dep't of Soc. Servs.,* 436 U.S. 658, 692 (1978)); *Cash v. Cnty. of Erie,* 654 F.3d 324, 333 (2d Cir. 2011). To state such a claim, a plaintiff must allege facts showing (1) the existence of a municipal policy, custom, or practice, and (2) that the policy, custom, or practice caused the violation of the plaintiff's constitutional rights. *See Jones v. Town of East Haven*, 691 F.3d 72, 80 (2d Cir. 2012); *Bd. of Cnty. Comm'rs v. Brown,* 520 U.S. 397, 403 (1997) (internal citations omitted). At the pleading stage, a plaintiff "must allege facts tending to support, at least circumstantially, an inference that [the alleged] municipality policy or custom exists." *Hannan v. Rose*, No. 18-CV-9878 (PGG) (DF), 2022 WL 21770560, at *11 (S.D.N.Y. Mar. 15, 2022) (quoting *Matthews v. City of New York*, No. 15-CV-2311 (ALC), 2016 WL 5793414, at *9 (S.D.N.Y. Sept. 30, 2016) (citations and internal quotation marks omitted)). "[C]onclusory allegations of a municipal custom or practice of tolerating official misconduct, without factual details," will not satisfy *Monell's* pleading standards. *Id.*

Here, Plaintiff alleges no facts suggesting that a policy, custom, or practice of Orange County caused a violation of his constitutional rights. The Court therefore dismisses Plaintiff's claims against Orange County for failure to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

**2. Judicial immunity and quasi-judicial immunity**

Judges are absolutely immune from suit for damages for any actions taken within the scope of their judicial responsibilities. *Mireles v. Waco*, 502 U.S. 9, 11 (1991). Generally, "acts arising out of, or related to, individual cases before the judge are considered judicial in nature." *Bliven v. Hunt*, 579 F.3d 204, 210 (2d Cir. 2009). "Even allegations of bad faith or malice cannot overcome judicial immunity." *Id*. (citations omitted). This is because, "[w]ithout insulation from

liability, judges would be subject to harassment and intimidation . . . ." *Young v. Selsky*, 41 F.3d 47, 51 (2d Cir. 1994). Judicial immunity has been extended to court clerks and "others who perform functions closely associated with the judicial process" when they are performing discretionary acts of a judicial nature which are essential to the judicial process, including the filing of court documents and managing a court's calendar. *Cleavinger v. Saxner*, 474 U.S. 193, 200 (1985); *see Hubbuch v. Small*, No. 25-956, 2026 WL 471800, at *1 (2d Cir. Feb. 19, 2026) (explaining that quasi-judicial immunity "absolutely protects court clerks in their performance of judicial functions" and "extends to the exercise of the court's inherent power to control its docket and the parties' filings"). Courts have also extended Section 1983's grant of immunity from injunctive and declaratory relief to court employees, such as court clerks, who are entitled to quasi-judicial immunity. *See Treistman v. McGinty*, 804 F. App'x 98, 100 (Mem) (2d Cir. May 14, 2020); *Irazu v. Sainz De Aja*, No. 23-702-cv, 2023 WL 8447256, at *2 (2d Cir. Dec. 6, 2023) (summary order).

Moreover, Section 1983, as amended in 1996, provides that, "in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable." 42 U.S.C. § 1983. Where an appeal is available, declaratory relief is available. *See, e.g.*, *Davis v. Campbell*, No. 13-CV-0693, 2014 WL 234722, at *9 (N.D.N.Y. Jan. 22, 2014) ("[D]eclaratory relief against a judge for actions taken within his or her judicial capacity is ordinarily available by appealing the judge's order.").

Plaintiff's claims against Judge Brown and Clerk McKelvey are based on actions taken in their judicial or quasi-judicial capacities. Because Plaintiff does not allege that either defendant acted outside of his or her judicial or quasi-judicial capacity or lacked jurisdiction, or violated a

declaratory decree or that declaratory relief was unavailable, the Court dismisses Plaintiff's claims for damages and injunctive relief against these defendants as barred by judicial and quasi-judicial immunity and as frivolous. *See* 28 U.S.C. § 1915(e)(2)(B)(i), (iii).

**3. Favorable termination rule**

In light of Plaintiff's conviction, his Section 1983 claims for monetary damages are barred by the Supreme Court's decision in *Heck v. Humphrey*, 512 U.S. 477 (1994). In *Heck*, the Supreme Court held that to recover monetary damages for:

> [an] allegedly unconstitutional conviction or imprisonment or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has *not* been so invalidated is not cognizable under § 1983.

*Id.* at 486-87 (cleaned up); *see Channer v. Mitchell*, 43 F.3d 786, 787 (2d Cir. 1994) (per curiam) (affirming dismissal under *Heck* of Section 1983 claims alleging that police officers "committed numerous acts of perjury and coerced witnesses to wrongfully identify [plaintiff]" because "these allegations, if proven, would have rendered [plaintiff's] conviction invalid").

Here, Plaintiff asserts that Defendants violated his Sixth Amendment rights by denying him a speedy trial. If Plaintiff were successful on any of these claims, such success would imply the invalidity of his conviction. *Heck* therefore bars Plaintiff's claims for money damages. Before seeking relief under Section 1983, Plaintiff must show "that the conviction or sentence has been reversed on direct appeal" or otherwise invalidated. *Heck*, 512 U.S. at 487. Plaintiff has not done so; publicly available court records show that the Appellate Division affirmed his conviction, and that the Court of Appeals denied him leave to appeal. Because he does not allege that any court or executive branch entity otherwise vacated his conviction, the Court dismisses

his claims for money damages for failure to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

**B. Supplemental jurisdiction**

A district court may decline to exercise supplemental jurisdiction of state law claims when it "has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). Generally, "when the federal-law claims have dropped out of the lawsuit in its early stages and only state-law claims remain, the federal court should decline the exercise of jurisdiction." *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7 (1988)). Having dismissed the federal claims of which the Court has original jurisdiction, the Court declines to exercise its supplemental jurisdiction of any state law claims Plaintiff may be asserting. *See Kolari v. New York-Presbyterian Hosp.*, 455 F.3d 118, 122 (2d Cir. 2006) ("Subsection (c) of § 1367 'confirms the discretionary nature of supplemental jurisdiction by enumerating the circumstances in which district courts can refuse its exercise.'" (quoting *City of Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156, 173 (1997))).

**C. Attack on conviction and sentence**

**1. Recharacterization as petition for a writ of *habeas corpus***

Plaintiff asserts that the trial court improperly failed to consider his speedy trial motion and that he was denied the effective assistance of counsel. A prisoner must bring a *habeas* petition under 28 U.S.C. § 2254, rather than a Section 1983 action, when he challenges "the fact or duration of his confinement" and seeks either "immediate release from prison," or the "shortening" of his term of confinement. *Wilkinson v. Dotson*, 544 U.S. 74, 79 (2005) (citing *Preiser v. Rodriguez*, 411 U.S. 475, 489 (1973))); *see also Nance v. Ward*, 142 S. Ct. 2214, 2221 (2022) (When considering "the dividing line between § 1983 and the federal habeas statute," the issue is "whether a claim challenges the validity of a conviction or sentence."). Because Plaintiff

challenges the legality of his 2022 state court judgment of conviction and sentence, the Court construes the complaint as a petition for a writ of *habeas corpus* under Section 2254. *See Heck*, 512 U.S. at 486 (noting that "civil tort actions are not appropriate vehicles for challenging the validity of outstanding criminal judgments."); *Thompson v. Choinski*, 525 F.3d 205, 210 (2d Cir. 2008) (holding that a petitioner may seek relief under both a *habeas* statute and Section 1983 in a single pleading.).

A prisoner generally has only one opportunity to bring a Section 2254 petition in federal court. *See Banister v. Davis*, 140 S. Ct. 1698, 1704 (2020) (noting that a prisoner "gets one chance to bring a federal *habeas* challenge to his conviction") (relying on *Magwood v. Patterson*, 561 U.S. 320, 333–334 (2010)); 28 U.S.C. § 2244(b)(3)(A) (petitioner must obtain authorization from court of appeals before bringing a "second or successive" *habeas* petition). Because of this, before recharacterizing an application as a Section 2254 petition, district courts must provide a prisoner notice of the potential adverse consequence and an opportunity to withdraw the submission. *Cook v. N.Y.S. Div. of Parole*, 321 F.3d 274 (2d Cir. 2003). If Plaintiff does not inform the Court, within 60 days, that he wishes to withdraw the complaint, it shall remain designated as a petition under Section 2254. As detailed below, if Plaintiff wishes to proceed under Section 2254, he must file an amended petition.

**2. Timeliness of petition for a writ of *habeas corpus***

A prisoner seeking habeas relief under Section 2254 generally must file a petition within one year from the latest of four benchmark dates: (1) when the judgment of conviction becomes final; (2) when a government-created impediment to making such a motion is removed; (3) when the constitutional right asserted is initially recognized by the Supreme Court, if it has been made retroactively available to cases on collateral review; or (4) when the facts supporting the claim(s) could have been discovered through the exercise of due diligence. 28 U.S.C. § 2244(d)(1).

Plaintiff does not allege that he filed a petition for a writ of *certiorari* to seek direct review from the United States Supreme Court, and his conviction therefore became final on September 27, 2023, when the time to do so expired, 90 days after the New York Court of Appeals issued its decision. Petitioner had one year after the judgment of conviction became final, until September 27, 2024, to bring a Section 2254 petition in federal court. On November 4, 2025, more than one year after judgment became final, Plaintiff gave this complaint, now recharacterized as a *habeas* petition, to prison officials for mailing.[4] The petition therefore appears to be time barred.

Tolling of the statute of limitations is available in certain circumstances. Under 28 U.S.C. § 2244(d)(2), when postconviction motions are properly filed in state court before the expiration of the statute of limitations, those motions and related state-court proceedings may toll the statute of limitations. Postconviction motions filed after the one-year limitations period for bringing a federal *habeas* petition expires, however, do not restart the one-year limitations period anew. *Smith v. McGinnis*, 208 F.3d 13, 17 (2d Cir. 2000) ("[P]roper calculation of Section 2244(d)(2)'s tolling provision excludes time during which properly filed state relief applications are pending but does not reset the date from which the one-year statute of limitations begins to run."). Section 2244(d)(2) thus could toll the limitations period if Plaintiff had properly filed postconviction motion(s) in state court within one year from September 27, 2023**,** the date judgment for his 2022 conviction became final.

[4] *See Noble v. Kelly*, 246 F.3d 93, 97-98 (2d Cir. 2001) (holding that, under the "prison mailbox rule," courts generally treat documents submitted by individuals who are incarcerated as deemed filed on the date that the individual delivers the document to prison authorities for mailing).

In addition to tolling under Section 2244(d)(2), equitable tolling of the limitations period is sometimes available. In order to establish a basis for equitable tolling, a prisoner must allege any facts showing that he has been pursuing his rights diligently and facts showing that some extraordinary circumstance prevented him from timely submitting the *habeas* petition. *See Holland v. Florida*, 560 U.S. 631, 649 (2010) (holding that one-year limitations period under Section 2244(d) for *habeas corpus* petitions under Section 2254 is subject to equitable tolling in appropriate cases).

If Petitioner wishes to proceed with a Section 2254 petition challenging the constitutionality of his 2022 judgment of conviction and sentence, he must submit an amended petition that includes all of the federal grounds on which he challenges his conviction and that includes any facts showing that statutory or equitable tolling is warranted. The proper respondent for the amended Section 2254 petition is the petitioner's custodian; here, the Superintendent of Clinton Correctional Facility appears to be Plaintiff's current custodian.[5] The amended Section 2254 petition must be submitted within 60 days of the date of this order.

**LEAVE TO AMEND GRANTED**

Plaintiff proceeds in this matter without the benefit of an attorney. District courts generally should grant a self-represented plaintiff an opportunity to amend a complaint to cure its defects, unless amendment would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). In light of Petitioner's *pro se*

---

[5] Plaintiff names as defendants a state court judge who presided over his criminal proceedings, a court clerk, and Orange County. To challenge a conviction in a *habeas* petition, the petitioner must name his custodian. *See* Rule 2 (a) of the Rules Governing Habeas Corpus Cases Under Section 2254.

status, the Court grants Plaintiff 60 days' leave to file an amended *habeas corpus* petition, as set forth in this order.

If Plaintiff does not file an amended *habeas* petition within the time allowed, the Court will direct the Clerk of Court to enter judgment in this action.

**CONCLUSION**

For the reasons set forth in this order, the Court dismisses Plaintiff's claims for damages under 42 U.S.C. § 1983, filed IFP under 28 U.S.C. § 1915(a)(1), as frivolous, for failure to state a claim on which relief may be granted, and on immunity grounds. *See* 28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

The Court declines to exercise its supplemental jurisdiction of any state law claims Plaintiff may be asserting.

The Court construes the complaint as a petition for a writ of *habeas corpus* under 28 U.S.C. § 2254, challenging the constitutionality of the underlying 2022 conviction. If Plaintiff does not want to pursue relief under Section 2254, he may notify the Court in writing within 60 days that he wishes to withdraw it.

If Plaintiff wishes to proceed under Section 2254, he must file an amended Section 2254 petition that names his custodian as respondent, and includes all of the grounds on which he challenges his conviction and any grounds for statutory or equitable tolling. An amended Section 2254 petition is attached to this order. The amended petition must be submitted to the Court's Pro Se Intake Unit within 60 days, and be labeled with this docket number, 25-CV-9473 (LLS). If Plaintiff does not withdraw the complaint or submit an amended Section 2254 petition within the time allowed, or request an extension of time to do so, the complaint will remain designated as a Section 2254 petition and be dismissed without prejudice as time barred.

SO ORDERED.

Dated: June 10, 2026
New York, New York

Louis L. Stanton

Louis L. Stanton
U.S.D.J.

**AMENDED** ____________ **Civ.** ________________ **(            )**

**PETITION UNDER 28 U.S.C. § 2254 FOR WRIT OF HABEAS CORPUS BY A PERSON IN STATE CUSTODY**

| | | |
|---|---|---|
| **United States District Court** | District: | |
| Name (under which you were convicted): | | Docket or Case No.: |
| Place of Confinement : | Prisoner No.: | |
| Petitioner (include the name under which you were convicted) v. | Respondent (authorized person having custody of petitioner) | |
| The Attorney General of the State of | | |

**PETITION**

1. (a) Name and location of court that entered the judgment of conviction you are challenging:

   (b) Criminal docket or case number (if you know):

2. (a) Date of the judgment of conviction (if you know):

   (b) Date of sentencing:

3. Length of sentence:

4. In this case, were you convicted on more than one count or of more than one crime? ❒ Yes ❒ No

5. Identify all crimes of which you were convicted and sentenced in this case:

6. (a) What was your plea? (Check one)

   ❒ (1) Not guilty ❒ (3) Nolo contendere (no contest)

   ❒ (2) Guilty ❒ (4) Insanity plea

(b) If you entered a guilty plea to one count or charge and a not guilty plea to another count or charge, what did you plead guilty to and what did you plead not guilty to?

(c) If you went to trial, what kind of trial did you have? (Check one)

❒ Jury ❒ Judge only

7. Did you testify at a pretrial hearing, trial, or a post-trial hearing?

❒ Yes ❒ No

8. Did you appeal from the judgment of conviction?

❒ Yes ❒ No

9. If you did appeal, answer the following:

(a) Name of court:

(b) Docket or case number (if you know):

(c) Result:

(d) Date of result (if you know):

(e) Citation to the case (if you know):

(f) Grounds raised:

(g) Did you seek further review by a higher state court? ❒ Yes ❒ No

If yes, answer the following:

(1) Name of court:

(2) Docket or case number (if you know):

(3) Result:

(4) Date of result (if you know):

(5) Citation to the case (if you know):

(6) Grounds raised:

(h) Did you file a petition for certiorari in the United States Supreme Court? ❒ Yes ❒ No

If yes, answer the following:

(1) Docket or case number (if you know):

(2) Result:

(3) Date of result (if you know):

(4) Citation to the case (if you know):

10. Other than the direct appeals listed above, have you previously filed any other petitions, applications, or motions concerning this judgment of conviction in any state court? ❒ Yes ❒ No

11. If your answer to Question 10 was "Yes," give the following information:

(a) (1) Name of court:

(2) Docket or case number (if you know):

(3) Date of filing (if you know):

(4) Nature of the proceeding:

(5) Grounds raised:

(6) Did you receive a hearing where evidence was given on your petition, application, or motion?

❒ Yes ❒ No

(7) Result:

(8) Date of result (if you know):

(b) If you filed any second petition, application, or motion, give the same information:

(1) Name of court:

(2) Docket or case number (if you know):

(3) Date of filing (if you know):

(4) Nature of the proceeding:

(5) Grounds raised:

(6) Did you receive a hearing where evidence was given on your petition, application, or motion?

❒ Yes ❒ No

(7) Result:

(8) Date of result (if you know):

(c) If you filed any third petition, application, or motion, give the same information:

(1) Name of court:

(2) Docket or case number (if you know):

(3) Date of filing (if you know):

(4) Nature of the proceeding:

(5) Grounds raised:

(6) Did you receive a hearing where evidence was given on your petition, application, or motion?

❐ Yes ❐ No

(7) Result:

(8) Date of result (if you know):

(d) Did you appeal to the highest state court having jurisdiction over the action taken on your petition, application, or motion?

(1) First petition: ❐ Yes ❐ No

(2) Second petition: ❐ Yes ❐ No

(3) Third petition: ❐ Yes ❐ No

(e) If you did not appeal to the highest state court having jurisdiction, explain why you did not:

12. For this petition, state every ground on which you claim that you are being held in violation of the Constitution, laws, or treaties of the United States. Attach additional pages if you have more than four grounds. State the facts supporting each ground.

CAUTION: To proceed in the federal court, you must ordinarily first exhaust (use up) your available state-court remedies on each ground on which you request action by the federal court. Also, if you fail to set forth all the grounds in this petition, you may be barred from presenting additional grounds at a later date.

**GROUND ONE:**

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

(b) If you did not exhaust your state remedies on Ground One, explain why:

(c) **Direct Appeal of Ground One:**

(1) If you appealed from the judgment of conviction, did you raise this issue? ❒ Yes ❒ No

(2) If you did not raise this issue in your direct appeal, explain why:

(d) **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

❒ Yes ❒ No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition:

Name and location of the court where the motion or petition was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(3) Did you receive a hearing on your motion or petition? ❒ Yes ❒ No

(4) Did you appeal from the denial of your motion or petition? ❒ Yes ❒ No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal? ❒ Yes ❒ No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

(e) **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground One:

**GROUND TWO:**

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

(b) If you did not exhaust your state remedies on Ground Two, explain why:

(c) **Direct Appeal of Ground Two:**

(1) If you appealed from the judgment of conviction, did you raise this issue? ❒ Yes ❒ No

(2) If you did not raise this issue in your direct appeal, explain why:

(d) **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

❒ Yes ❒ No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition:

Name and location of the court where the motion or petition was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(3) Did you receive a hearing on your motion or petition? ❒ Yes ❒ No

(4) Did you appeal from the denial of your motion or petition? ❒ Yes ❒ No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal? ❒ Yes ❒ No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

(e) **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you : have used to exhaust your state remedies on Ground Two

**GROUND THREE:**

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

(b) If you did not exhaust your state remedies on Ground Three, explain why?

(c) **Direct Appeal of Ground Three:**

(1) If you appealed from the judgment of conviction, did you raise this issue? ❒ Yes ❒ No

(2) If you did not raise this issue in your direct appeal, explain why:

(d) **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

❒ Yes ❒ No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition:

Name and location of the court where the motion or petition was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(3) Did you receive a hearing on your motion or petition? ❒ Yes ❒ No

(4) Did you appeal from the denial of your motion or petition? ❒ Yes ❒ No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal? ❒ Yes ❒ No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

(e) **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground Three:

**GROUND FOUR:**

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

(b) If you did not exhaust your state remedies on Ground Four, explain why:

(c) **Direct Appeal of Ground Four:**

(1) If you appealed from the judgment of conviction, did you raise this issue? ❐ Yes ❐ No

(2) If you did not raise this issue in your direct appeal, explain why:

(d) **Post-Conviction Proceedings**:

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

❐ Yes ❐ No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition:

Name and location of the court where the motion or petition was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(3) Did you receive a hearing on your motion or petition? ❒ Yes ❒ No

(4) Did you appeal from the denial of your motion or petition? ❒ Yes ❒ No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal? ❒ Yes ❒ No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

(e) **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground Four:

13. Please answer these additional questions about the petition you are filing:

(a) Have all grounds for relief that you have raised in this petition been presented to the highest state court having jurisdiction? ❒ Yes ❒ No

If your answer is "No," state which grounds have not been so presented and give your reason(s) for not presenting them:

(b) Is there any ground in this petition that has not been presented in some state or federal court? If so, ground or grounds have not been presented, and state your reasons for not presenting them:

14. Have you previously filed any type of petition, application, or motion in a federal court regarding the conviction that you challenge in this petition? ❒ Yes ❒ No

If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, the issues raised, the date of the court's decision, and the result for each petition, application, or motion filed. Attach a copy of any court opinion or order, if available.

15. Do you have any petition or appeal now pending (filed and not decided yet) in any court, either state or federal, for the judgment you are challenging? ❒ Yes ❒ No

If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, and the raised.

16. Give the name and address, if you know, of each attorney who represented you in the following stages of the judgment you are challenging:

(a) At preliminary hearing:

(b) At arraignment and plea:

(c) At trial:

(d) At sentencing:

(e) On appeal:

(f) In any post-conviction proceeding:

(g) On appeal from any ruling against you in a post-conviction proceeding:

17. Do you have any future sentence to serve after you complete the sentence for the judgment that you are challenging? ❐ Yes ❐ No

(a) If so, give name and location of court that imposed the other sentence you will serve in the future:

(b) Give the date the other sentence was imposed:

(c) Give the length of the other sentence:

(d) Have you filed, or do you plan to file, any petition that challenges the judgment or sentence to be served in the future? ❐ Yes ❐ No

18. TIMELINESS OF PETITION: If your judgment of conviction became final over one year ago, you must explain why the one-year statute of limitations as contained in 28 U.S.C. § 2244(d) does not bar your petition.*

Tab to continue "TIMELINESS OF PETITION" on next page.

* The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") as contained in 28 U.S.C. § 2244(d) provides in part that:

(1) A one-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of -

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such state action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Therefore, petitioner asks that the Court grant the following relief:

or any other relief to which petitioner may be entitled.

_______________________________________

Signature of Attorney (if any)

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct and that this Petition for Writ of Habeas Corpus was placed in the prison mailing system on ________________ (month, date, year).

Executed (signed) on ________________ (date).

_______________________________________

Signature of Petitioner

If the person signing is not petitioner, state relationship to petitioner and explain why petitioner is not signing this petition.

Print | Save As... | Export as FDF | Retrieve FDF File | Reset